## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**LISA RANDOLPH,**

      **Plaintiff,**

**v.**                                                                          **CASE NO. 4:11-cv-555-RS-WCS**

**FAMILY NETWORK ON DISABILITIES**
**OF FLORIDA, INC.,**

      **Defendant.**
_____/

## ORDER

Before me are Defendant's Motion to Dismiss (Doc. 7) and Plaintiff's

Cross-Motion for Partial Judgment on the Pleadings, Response in Opposition to

Defendant's Motion, and Alternative Cross-Motion to Deem Certain Allegations

Admitted (Doc. 13).

## Standard of Review

In order to overcome a motion to dismiss, a plaintiff must allege enough

facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is

clear that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467

U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the

complaint as true and in the light most favorable to the plaintiff.  *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000)(citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

## Analysis

Plaintiff brought this action alleging race, gender, and sexual orientation discrimination under 42 U.S.C. § 2000e et seq. and Chapter 9 of the Leon County Ordinances.  Defendant now moves to dismiss Count III in its entirety and Counts I, II, and IV to the extent that they allege violations of Chapter 9 of the Leon County Ordinances because they are barred by the statute of limitations.  Plaintiff alleges that Defendant's motion to dismiss should be treated as a motion for partial judgment on the pleadings and argues that Chapter 9 of the ordinances is preempted by Florida law.

Because Defendant filed her answer before the motion to dismiss, Plaintiff contends the motion should be treated as a motion for partial judgment on the pleadings.  According to Fed. R. Civ. P. 12(b), "[a] motion asserting [a 12(b)(6) defense] must be made before pleading if a responsive pleading is allowed."  In this case, Defendant filed an answer followed by a motion to dismiss on November 3, 2010.

A very literal interpretation of Rule 12 would support Plaintiff's contention; however, Defendant's intentions are clear from its filings—it answered all of the federal claims alleging violations of Title VII, while moving to dismiss the claims relying on the local ordinance.  This was explicitly written in the answer, which stated that:

> [Defendant] has moved to dismiss this Count … in its Motion to Dismiss filed on November 3, 2011, to the extent it alleges a violation of Leon County Ordinance chapter 9, as such claim is barred by the statute of limitations to which the ordinance is subject.  To the extent [this] Count… alleges a violation of Title VII of the Civil Rights Act of 1964, [Defendant] responds as follows….

(Doc. 6). The Supreme Court has stated that the Federal Rules of Civil Procedure "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principal that the purpose of pleading is to facilitate a proper decision on the merits."  *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)(citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). Because Defendant did not answer the claims it moved to dismiss, I will construe Defendant's motion as a motion to dismiss rather than a motion for partial judgment on the pleadings.

Plaintiff also argues that the claims relying on Chapter 9 of the Leon County Ordinances should not be dismissed as barred by the statute of limitations because they are preempted by Chapter 760 of the Florida Statutes.  Chapter 9 protects people from discrimination based on "age, race, color, religion, national origin,

ancestry, disability, marital status, familial status, sex, gender, gender identity or expression, or sexual orientation."  Section 9-1(1), Leon County Ordinances. Section 9-4(a) of the Leon County Ordinances states:

> An aggrieved individual may, under this chapter, commence a civil action in a court of competent jurisdiction against the person alleged to have committed a discriminatory practice; provided, however, that such civil action must be filed no later than one year after the discriminatory practice is alleged to have been committed.

In her complaint, Plaintiff alleges that the last discriminatory practice took place on June 2, 2010, and Plaintiff filed the civil suit August 1, 2011.  (Doc. 1, Exhibit A). This is clearly outside of the statute of limitations set out in Chapter 9.

The Florida Civil Rights Act prevents discrimination for "race, color, religion, sex, national origin, age, handicap, or marital status …."  Fla Stat. § 760.01 (2011).  "Any person aggrieved by a violation of ss. 760.01-760.10 may file a complaint with the [Florida Commission on Human Relations] within 365 days of the alleged violation …."  *Id.* at § 760.11(1).  If the commission finds that "there is reasonable cause to believe that a discriminatory practice has occurred," the aggrieved person may file a civil suit.  *Id.* at § 760.11(4).  The commission has 180 days to make a reasonable cause determination, and if it does not do so within that time, then the statute of limitations is four years.  *Joshua v. City of Gainesville*, 768 So.2d 432, 439 (Fla. 2000).

A county's law is preempted by Florida in two circumstances.  "First a county cannot legislate in a field if the subject area has been preempted by the State. … Second, in a field where both the State and local government can legislate concurrently, a county cannot enact an ordinance that directly conflicts with a state statute."  *Phantom of Brevard, Inc. v. Brevard County,* 3 So.3d 309, 314 (Fla. 2008)(internal citations omitted).  "There is a conflict between a local ordinance and a state statute when the local ordinance cannot coexist with the state statute."  *Id.*  "The test for conflict is whether 'in order to comply with one provision, a violation of the other is required.' "  *Browning v. Sarasota Alliance for Fair Elections, Inc.*, 968 So.2d 637, 649 (Fla. 2nd Dist. Ct. App. 2007)(quoting *Phantom of Clearwater, Inc. v. Pinellas County*, 894 So.2d 1011, 1020 (Fla. 2nd Dist. Ct. App. 2005)).

Count III of the complaint alleges sexual orientation discrimination. Plaintiff briefly tried to make the argument that "sex" and "gender" are synonymous with "sexual orientation" for the purpose of preempting the Leon County Ordinance because sexual orientation is not listed as a type of discrimination Chapter 760 seeks to prevent.  *See* Fla. Stat. § 760.01 (2011). However, the Florida Civil Rights Act does not apply to sexual orientation.  "Sex" and "gender" can never be considered synonymous with "sexual orientation"— they are two separate and distinct concepts.  Therefore, it is impossible for the

Florida Statute to preempt the Leon County Ordinance.  Because the civil suit

alleging sexual orientation was not filed within one year pursuant to Chapter 9 of

the Leon County Ordinances, Count III is dismissed.

Additionally, the Leon County Ordinances do not conflict with the Florida

Statutes because it is possible to comply with both provisions without violating

either one.  *See Browning*, 968 So.2d at 649.  Because the ordinance and statute

can coexist, there is no preemption.  Therefore, the portions of Counts I, II, and IV

that rely on violations of Chapter 9 of the Leon County Ordinances are also

dismissed because they are barred by the one year statute of limitations.

## Conclusion

Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Cross-

Motions are **DENIED**.

**ORDERED** on January 10, 2012.

> **/s/ Richard Smoak**
> **RICHARD SMOAK**
> **UNITED STATES DISTRICT JUDGE**